May it please the court. Good morning, your honors. My name is Stephen Sherlag and I represent Daniel Hamelman and Peace and Justice Works. This case is not just about the first and the 14th amendments to the United States Constitution. Two bedrocks have defined the relationship between citizens and their government. It's also about the ability of people to hold its own government accountable for the government's own laws. I kind of thought it was about a statute of limitations, too. Isn't that the problem? It is, your honor, about a statute of limitations, absolutely. And I would suggest that a significant portion of the statute of limitations problem is because the City of Portland has a policy of spying on Mr. Hamelman and on Peace and Justice Works and on hiding evidence of their spying on him. Hiding it in the files of the Criminal Intelligence Division and hiding it in the files and the safe of the city attorney's office and suggesting that by hiding it that Mr. Hamelman and Peace and Justice Works should know that things are out there. Well, wasn't it Mr. Hamelman knew fairly early on that there was material there, is that not right, and didn't commence suit in a period in which it would have been timely? Well, your honor, Mr. Hamelman and Peace and Justice Works did know at one point that there was a single violation of ORS 180.1575. That's absolutely true. But the statute itself in no way suggests that the city can continue to violate that statute and not have additional violations of law. The statute is a very unusual statute because it prohibits the city not only from collecting this information, but it also in the disjunctive tells the city, mandates the city, tells the police they may not maintain it. And so it's a very unusual statute. It's like a possession of controlled substance charge. Mr. Hamelman knew what the statute was. He was acquainted with the unusual statute, was he not? Well, certainly, your honor. Didn't he undertake to intervene in litigation which was not his own with a statute and getting a directive to the department to get rid of the files? Yes, your honor. He absolutely did attempt to intervene in the state court case and have the city held in contempt where a state court judge had previously found the city in violation of that law. However, at that time, he was unaware that the city had been engaging in a series of incidents of collecting  information about the plaintiffs. And so that the plaintiffs were willing to overlook a single violation of law, your honor, I would suggest doesn't mean that the plaintiffs should forever be precluded from seeking redress in this court, in this courthouse. And I'm sorry, your honor. I was puzzled about your term, willing to overlook. I thought that was rather active intervention in other litigation to get a court order vindicating rights in the state court. That was not preclusive of proceeding in a federal court as well. That's correct, your honor. They could have proceeded in a federal court. I absolutely agree with that. Mr. Handelman chose, in Peace and Justice Works, chose not to do that. But they chose not to do that. But that doesn't mean that upon learning of the fact that the investigations into them were pervasive and ongoing and that there were multiple reasons to seek an additional lawsuit that they couldn't at a later date do that. The Portland police need to be punished for their multiple violations of the law, not just a single violation. And it's important to note that the statute is an unusual one because it punishes them not just for the initial gathering of the information, but for maintaining it. Well, they unloaded it, it seems to me, to the city attorney's office, didn't they? Well, they gave it to their lawyers, your lawyers maintained it. The lawyers maintained it to make sure they wouldn't be in contempt of court for destroying records. I mean, I think the city attorney did a perfectly appropriate thing in this case by taking it out of the law enforcement agency, which is the only thing that's covered by ORS 181.575, and holding it. Can you imagine if the city attorney had told the police department to destroy it, given the pending activity in court, or if they had destroyed it? Well, they've put themselves in that position, your honor, by gathering the information in violation of the statute. Not really. I mean, lawyers do that all the time, though. They take it over to the city attorney's office, and they sit on it. I think that was the right thing to do in this case. I can't conceive of a city attorney saying, well, we'll destroy it, given the circumstances in which they found themselves. And when the city attorney had the records, it was no longer, there was nothing the police department could do about destroying the records. Is that not the case? They didn't even have access to them at that point. Well, I think that what you see in examining the record is that the city attorney admitted to the magistrate that if the Portland Police Bureau asked for the records back, they would probably have to give them back to them. But they didn't. And then it was two and a half years from the transfer of those records until the filing of the lawsuit. So that's no longer a continuing violation. Mr. Hant, what am I missing? The plaintiffs had no idea that the records were transferred from the city attorneys in January of 2000. They had no knowledge of that. These records aren't public records, and it wasn't published in the paper, or Mr. Hanleman and Peace and Justice didn't have access to that information, Your Honor. And so when a lawyer takes possession of property, they hold it in trust, be it for a client or a third person, under the law. And there's an Oregon revised statute directly on point, which indicates that when a lawyer takes possession of property from a client or a third person, they hold it for them. And that upon a demand, they must return it to them. And so what I'd suggest is that by giving it to the city attorney, it doesn't mean that the Portland Police Bureau didn't maintain it anymore. They certainly maintained it. They maintained it in their lawyer's office. If they would have destroyed it, what consequences might have attached to that, given the context in which this whole thing existed? I think the court could have held them in contempt. Absolutely. That's the point. That's why I think they did the right thing in giving over to the city attorney, not a law enforcement agency, and then the city attorney had to sequester it and anyway, why don't you retain the rest of your time? We'll hear from the other side, give you a chance to respond. Thank you. We've got your argument. May it please the court, my name is Harry Auerbach and I represent the defendants in this case. I think the court has a pretty good grasp of what the issue is in this case. It is simply when the plaintiffs knew or reasonably should have known they had a claim. And it is clear beyond doubt that they knew that they should have had a claim in September of 1999, because that's when they attempted to pursue it in a state court proceeding to which they were not parties. For purposes of the discovery rule, they were on notice at that point in time that they thought they had a claim and they should have pursued it. A reasonable person in their position would have pursued it and would have learned whatever it is they subsequently learned. How did the plaintiff come to the 19th, 1999 report? I do not recall. And do we know for sure from this record that the police, that is the city attorney, in acknowledging that it had some reports that may violate this statute, do we know that all of those have no reference to this plaintiff? No. And this plaintiff would have, and to this day, has no knowledge of the contents of any report that the city attorney was talking about? That is correct. Now, in order for you to be generated after September 22, 1999? Well, let me say I'm not quite sure that I agree with the premise of your question, Judge Levy. That's pretty soft. Not sure you quite agree. Well, I'm going to explain that. It is not necessary under the discovery rule that the plaintiff know of every single fact giving rise to his claim in order for that claim to mature. And the plaintiff, in fact, knew in September that he had a claim. Well, let's assume that whatever claim he knew about in September of 1999 in the form of the report that he offered together to the court. Right. When he asked the court to take some action. But for all we know, there are reports that were generated after September 22, 1999, that he had no knowledge of until July 17, 2000. Well, excuse me. And then the attorney's office doesn't even say, we have some reports on you. It says we have some reports that fit into this category and we're not telling you whether they relate to you or somebody else. What we plaintiff appears after January of 2000, when the records were turned over to our office. How does the plaintiff know that? Because we have evidence in the record that is not controverted to that effect. We have the affidavit. We have the affidavit of the officer in charge of the criminal investigation. Saying that none of these reports relate to this plaintiff? No. Saying that as of that date, they had turned over to our office any reports that they had that did mention him and that they didn't have any since then. All right. But how do we know that some of what they turned over to the city attorney's office is not related to this plaintiff and was not generated sometime after September 22, 1999? No, I agree that it is possible that some of those pieces of evidence are related to September of 1999 and January of 2000. That is possible. Okay. But what I'm suggesting is that the plaintiff, if he had pursued his claim in the federal court, instead of trying to pursue it through a state court proceeding to which he was not a party, he would have learned of all of those, of any of those that may exist, well within the limitation period, and the discovery rule doesn't help him. Because he did discover the existence of some documents. He would have known, a reasonable person would have been put on notice to investigate well within the two years, and he would have learned everything there was to learn. Yeah. Unless each of these incidents of gathering such or making such a report or pursuing such an investigation does not constitute a separate and independent claim. Now, if the claim arising out of the February 16th report is barred by the statute of limitations, it's barred. But does that give the city a license then to go ahead and make these reports and investigations because he should have known about the first one? Well, let me say, first of all, that it's not, there are a couple of things that we, we don't know exactly what's in the report. So it's not clear that there, that, and we don't concede that we are secretly gathering information about the plaintiffs or making reports about them. Do you deny it? There is information about, there is information in which their, their names appear, but it is not based on a, on a, on any kind of secret investigation of them or their activities. But this prohibits maintenance also. I mean, it is beyond doubt that, that since January of 2000, the, the, the police bureau has not been maintaining any of those records. And I, I need to apologize. I didn't read the back of your oral argument announcement close enough. So I didn't bring this case to the court's attention before argument. I will do it now. And, and if the court wishes, I'll, I'll supplement with a 28 J letter, but given it to the other side, I just discovered I will give it to him. But you haven't? I have not yet. Bad form. I apologize. I will, I will give him my copy. Good. Don't use it. Okay. I won't use it. Don't maintain it. I will simply say that, that I believe there is authority in this circuit. It says that it is not, that is, that it is the timing of the decision that is critical for the, the, the purpose of the statute of limitations and not necessarily the, the And so basically once he knew that he suspected that the Portland Police Bureau had made a decision about him that was contrary to the law, he had an opportunity within two years to pursue that claim in the federal courts and not having done so, it really doesn't matter for statute of limitations purpose, that there may have been something that we did after that initial knowledge on his part. If you have an additional case you'd like to bring to our attention, please do it in the appropriate way, giving the other side can respond. I will do so. See, it's just not fair to trap somebody with a case they haven't even had an opportunity. That's fine. I will, I will do it that way. You can respond. Probably the protocol is for you to give that case to your lawyer. Thank you, Judge. Thank you, Your Honors. Judge Levy, the way that the report came about, and I apologize for the poor copying of it, but it was printed on red stock paper, which I think was designed to make it difficult to photocopy, was that there was a peace rally that occurred in the prior December and a variety of protesters were arrested there. Mr. Handelman was not. No one from Peace and Justice was arrested there. And the lawyers in that case, which included myself, representing people who were peacefully protesting, pursued every avenue of investigation to the Portland Police Bureau and the report came out in discovery in the case, although the city resisted giving it to us. And eventually what occurred in that case, curiously, was the Oregon Supreme Court chimed in on the defendants who were actually arrested that day and said what the Portland Police Bureau was doing in terms of arresting those people was unconstitutional, violated their rights of expression. And that's a case which came out in March of this year, State v. Ausmus. And so there's sort of a pervasive behavior by the Bureau to suppress expression and suppress assembly. And when I suggest the best analogy to this kind of case is it's really different than where we see most of the discovery rule cases, which is like a medical malpractice where a doctor maybe leaves a needle in someone's hand to give treatment or misses something. This is like a fraud situation. Where... Did you attempt to develop Judge Levy's scenario in the district court as a way to extend or get around the statute of limitations by asking the other side to pony up at least in chambers to the court the information so that it could see whether there was anything else that had been developed after the date that might be a new violation? I suggested to the court, I believe in writing, that discovery wasn't even started. I'd given some discovery requests to the opposing side. They asked the court to hold off on that so we could try and deal with the statute of limitations issue. So we didn't do any discovery in the case at all. Oh, okay. So you didn't try to develop that? There was no discovery done at all. What happened is this was dealt with on the very front end of the case prior to any discovery occurring. You didn't pinpoint the idea that there might be other violations, nesting later on violations. You didn't chase that down? I didn't suggest that there were violations that occurred after the September date, no, Your Honor. Thank you, counsel. Okay. Do you have anything else? I do, Your Honor. What I would suggest is that this is similar to a fraud case when the bad actor hides their behavior and hides their behavior. And when the state doesn't go after them when they discover the first piece of fraud, it doesn't mean that the state can not go after them when they uncover the grander scheme. And what I would respectfully suggest is that Mr. Handelman and Peace and Justice Works, because they didn't go after the city of Portland the first time doesn't mean they can't when they learn about how many times the law has been violated. Isn't your case, from your perspective, that you filed and are trying to pursue a whole lot better than getting us off on the issue of whether or not there's fraud? Well, I'm not suggesting there's fraud, Your Honor. I was Why do you use the word? I use the word fraud for the analogy that what happens frequently when people are committing fraud is they hide the evidence of the fraud. And so here the police don't hide them away. They're not made part of the public. And so Mr. Handelman and Peace and Justice Works don't know what the police are doing in this situation. And when they uncovered the larger scheme Do we have to agree with you on that this is a fraudulent scheme in order for you to No, Your Honor. And I'm not suggesting it's a fraudulent scheme. I'm merely using I would not suggest that. Thank you, counsel. The case just argued is ordered and submitted. Thank you. Thank you. Appreciate your help. Patricia Reams v. Joanne Barnhart.
judges: Leavy, Trott, Pollak